STENKOWICZKI, Appellant, vs. LYTLE, Respondent.

*May 5—June 1, 1920.*

*Physicians and surgeons: Malpractice: Issuable facts: Propriety
of method used: Questions for jury: Special verdict.*

1. In an action against a surgeon for malpractice, a finding by
   the jury that defendant did not use a method ordinarily used
   by surgeons of good standing in the vicinity does not decide
   any issuable fact.
2. Testimony by several doctors that the method of treatment used
   to cure plaintiff's hernia was obsolete and improper, opposed
   by testimony of defendant's witnesses that the method used
   was a proper one but not much used at present, makes it a
   question for the jury whether defendant was negligent in
   his treatment of plaintiff, since negligence might be the selec-
   tion of improper treatment as well as the improper use of a
   proper method.
3. Where the jury specially found that defendant was negligent in
   his treatment of plaintiff, plaintiff was entitled to judgment,
   though there was no finding that the method of treatment
   adopted by defendant was improper.

APPEAL from an order of the circuit court for Milwaukee
county: E. T. FAIRCHILD, Circuit Judge. *Reversed.*

Action for malpractice begun in the civil court of Mil-
waukee county. Plaintiff was affected with a hernia and
was treated by defendant. He claimed that by reason of
defendant's negligent and improper treatment he sustained
damages. Defendant denied that he was negligent or that
the treatment was improper. The jury found that (1) the
defendant was guilty of negligence in the course of his
treatment of plaintiff; (2) such negligence on the part of
the defendant was the proximate cause of plaintiff's injury;
(3) the defendant did not use a method in the treatment of
plaintiff ordinarily used by physicians and surgeons of good
standing of the same system or school of practice as that
of the defendant in this vicinity or locality, having due
regard to the advanced state of medical or surgical science
at the time of the treatment; (4) no want of ordinary care
on the part of plaintiff proximately contributed to his in-

jury; and (5) damages in the sum of $1,350. The civil court awarded plaintiff judgment on the special verdict, and the defendant appealed to the circuit court. It reversed the judgment and ordered a new trial on the ground that the special verdict did not include one disputed issue, namely, whether the treatment used by the defendant in ministering to the plaintiff was a proper treatment as recognized by physicians and surgeons having due regard to the advanced state of medical and surgical science. It held the third finding did not cover this issue because it did not determine whether the treatment used was a proper or improper one, irrespective of whether it was or was not one ordinarily used. If it was a proper treatment it need not be one ordinarily used. This we understand was the view of the circuit court. Plaintiff appealed from an order granting a new trial.

*Martin J. Brennan* of Milwaukee, for the appellant.

For the respondent there was a brief by *Henry Mahoney* and *Charles S. Thompson,* attorneys, and *Arthur F. Belitz,* of counsel, all of Milwaukee, and oral argument by *Mr. Belitz* and *Mr. Mahoney.*

VINJE, J. The circuit court correctly held that the third finding did not decide any issuable fact, but we think it erred in granting a new trial notwithstanding the defect in such finding, because the verdict is complete without it. The jury found that defendant was negligent in the course of his treatment of plaintiff; that such negligence was the proximate cause of plaintiff's injury; and that plaintiff was free from any contributory negligence and sustained damages. Such verdict, if supported by evidence, sufficiently establishes liability.

As to defendant's negligence, the evidence showed that he used what is termed an injection method to cure hernia. It seems from defendant's testimony that the idea is that by injecting a fluid into the tissues in or adjacent to the upper

inguinal ring inflammation sets up, which when it subsides may cause adhesions closing up the ring or opening, thus preventing further hernia. Several doctors of unquestioned repute and experience testified that such method was obsolete, was no good; that it was not a proper method; that it was absolutely the wrong treatment, and that plaintiff's injuries were due to the treatment administered by the defendant. Several doctors on behalf of defendant testified that the treatment was a recognized or proper one but not much used at present. Under such state of the evidence it was a jury question whether defendant was negligent in the treatment of plaintiff. The first finding established such negligence, for negligence in the course of a treatment may consist in the adoption of a wrong method of treatment, as here testified to, or it may consist in the negligent application of a proper method, not here claimed to be the case. So the jury in answer to the first question found that the doctor adopted an improper method of treatment, and the third question therefore becomes wholly immaterial. The defect therein did not in any way affect the answer to the first question, which with the answers to the second, fourth, and fifth questions makes a complete verdict.

*By the Court.*—Order reversed, and cause remanded with directions to affirm the judgment of the civil court.